**No. 50174.**—Protest 106438–K/91444 of Malcom T. MacEachern, M. D. (Chicago).

KEEFE, Judge: The assessment of duty here in question was levied upon a fur coat which came into the possession of the plaintiff upon the death of his sister who lived in Canada. The plaintiff claims that the coat is exempt from duty under the third proviso of paragraph 1798, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

At the trial the plaintiff testified concerning the facts as follows:

I had an invalid sister—she was ill for years—and I was called to Toronto on Monday, January 13th, when she died, in a sense unexpectedly; though she was very ill, we thought she would recover. And I was called to her funeral to take care of funeral arrangements, and I stayed for three or four days afterwards, until the 17th—I returned the 17th—to clean up the affairs of the estate as far as I could. And on leaving I had the fur coat, which I took back with me, which was—which she had told her closest companion for years and her special nurse that if anything happened to her I should take it for my little girl. I did not know that she had this coat. While I may have seen her in the coat—incidentally I did not see her much during the last few years, because she was an invalid, and never saw her, as far as I remember, in recent times with this coat. And with the permission of the executor I took the coat back. In talking it over with the customs, I reminded them that the usual way is to get someone to walk across the line and leave it there. I told them I wasn't going to do it that way, that I wanted to do it the legal way. I had it evaluated and they said they thought it should come through under the regulation, was entitled to $100 or $150. Everything went fine; I came to Chicago and was clearing at the Illinois Central station, at the customs department, and practically had it in my hand when the customs officers found a note attached, and then they raised some question about my taking it in free of duty, after they had studied something later. So I came over to the custom house, saw several of the officials, and they decided I should take it home; they would look into it further. Later on it was decided I should pay a duty. I paid $50 under protest. That is virtually what happened.

The witness further testified that he went to Canada the evening of his sister's death to take care of her remains, prepare for her burial, and care for the estate; that his sister had not left a will and he was the sole heir and selected a man to take care of any affairs; that after that was attended to he left for home bringing with him the fur coat for his daughter to whom he gave the coat; and that the coat was a part of his sister's estate and he brought it back with the consent of the administrator, although the estate was not settled until November 1943, about 10 months after his return to the United States.

The plaintiff claims that he acquired this coat as an incident of the trip; that the word "acquired" should be construed in its common, everyday meaning of obtained, procured, received, or secured, and that his acquisition became vested and complete upon actually receiving the coat.

The Government, on the other hand, contends that the plaintiff is not entitled to exemption from duty because he did not have title to the coat at the time of importation, and, alternatively, even though he had title, he would still not be entitled to an exemption from duty because the coat was not acquired as an incident of the trip.

In the case of *McClure* v. *United States*, T. D. 46011, 62 Treas. Dec. 573, a similar question arose. There Mrs. McClure went to Mexico at the direction of one Maxon for the express purpose of packing up his household effects and bringing them to this country. Unfortunately, Maxon died a few days before his effects crossed the border into the United States. Mrs. McClure was his executrix and claimed free entry for the goods as household effects or as personal effects of returning residents. As to the court's decision respecting the question of personal effects, the only question involved in the case at bar, the court stated:

Do the facts in this case show that the importer is entitled to the advantage

offered by this provision?  In other words, was she the owner of this merchandise, and if so, did she acquire it abroad, it being admitted that she is a resident of the United States?

"To acquire anything is to get it as one's own."—Standard Dictionary.

It is our opinion that the statute used the word in the sense of succeeding to ownership.

The will produced, exhibit 2, discloses that she was the legatee of the property in question.   Prior to the entry of the merchandise at the customhouse she qualified as executrix under the will.   The title to all the personal property of the estate vested in her as executrix under the will upon the death of the testator.   *Wall* v. *Bissell*, 125 U. S. 382, 31 L. ed. 772, 775.

In 23 C. J. 1172, section 390, we find the following:

TITLE TO PROPERTY.—The executor or administrator is the legal owner, for the time being, of the personal property of which decedent died possessed, and his title and authority extends so completely to all such property as to exclude for the time being creditors, legatees, and all others beneficially interested in the estate.

The latter persons can not follow such property specifically into the hands of others, much less dispose of it; but the executor or administrator is the only true representative thereof whom the law will regard.

The will (exhibit 2) provides:

First: I direct the payment of my just debts and funeral expenses as soon after my decease as may be practicable.

After the payment of the debts and upon the distribution of the property Mrs. McClure would then as an individual receive the title to the property in question and not until then.   The plaintiff, not having acquired the property abroad, is therefore not entitled to the exemption provided by statute.

In the *McClure* case, *supra*, the returning resident who brought the property back with her was not only the sole heir but also the executrix, which office granted to her legal possession.   However, under the will, she had not succeeded to ownership at the time of importation.   That did not occur until the will had been probated and the debts paid, etc., which took place after the articles were imported. In the instant case, we are not apprised of the character of the Canadian laws governing the distribution of property of decedents who die intestate, nor was there any evidence adduced to establish that sufficient funds were available from the estate to liquidate the debts and funeral expenses without the necessity of selling the fur coat in question.   If the court in the *McClure* case, *supra*, deemed that the personal property at the time it entered the United States had not been acquired by the returning resident, it is at once apparent from the character of the evidence produced here that the plaintiff is in a much more unfortunate position.

Under the decision of the court in the foregoing case, it would seem that the fur coat here in question would be the subject of duty because under the definition of the word *acquire*, as interpreted by the court, the plaintiff would not actually acquire the coat until the estate was settled.   According to the court's view in that case, the plaintiff here was merely given permission to keep the coat in his possession until he finally *acquired* it.   Since the promulgation of the decision in the *McClure* case, *supra*, Congress has revised the provisions of paragraph 1798 without indicating any intention of disturbing the interpretation of the word *acquire* as announced by the court in the foregoing case, and it must be presumed that Congress acquiesced in that use of the word.

In view of the *McClure* case, we are constrained to hold that the plaintiff, at the time he returned to the United States, had not *acquired* the fur coat he brought back with him, and consequently it is not exempt from duty under paragraph 1798 as claimed.

Judgment will be entered in favor of the Government.